UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVON SURRELL, SR., | No. 2:20-cv-00368-TLN-CKD |
| Plaintiff, | |
| v. | ORDER |
| CDCR SECRETARY OF OPERATIONS, et al., | |
| Defendants. | |

    Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

    Plaintiff requests leave to proceed in forma pauperis. As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**I.     Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**II.    Allegations in the Complaint**

Plaintiff challenges the conditions of confinement at Deuel Vocational Institution ("DVI")

where he is confined. Specifically, plaintiff alleges that broken and defective cell windows lead to extreme temperatures in his cell and that defendant Burton, who is the Warden at the facility, was informed of these conditions and failed to fix them. ECF No. 1 at 3-4. Plaintiff also contends that there are numerous defective and broken light fixtures with exposed wires that are potentially hazardous to his health. ECF No. 1 at 7. With respect to the water at DVI, plaintiff raises two separate allegations. He first asserts that the water is contaminated and that as a result of this contamination he was denied a shower from August 6, 2019 until August 15, 2019. ECF No. 1 at 7. This contamination was also demonstrated by the distribution of bottled water throughout the prison beginning on January 9, 2020. Id. The second challenge to the water at DVI is based on a lack of hot water from June through November 2019 based on defendant Burton's decision to shut off the boilers to reduce costs. ECF No. 1 at 14. When plaintiff filed a 602 grievance about these conditions of confinement, he was retaliated against by transferring him to a "50-50 yard" that exposes him to threats of physical harm from other inmates.

### III.     Analysis

The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A screening, finds that it states potentially cognizable claims challenging plaintiff's conditions of confinement under the Eighth Amendment and a First Amendment claim of retaliation against defendant Burton.

Plaintiff has named the Secretary of the California Department of Corrections and Rehabilitation (CDCR) as an additional defendant in this action. Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). "A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)).

Here, plaintiff fails to allege any personal involvement or a sufficient causal connection between the CDCR Secretary's conduct and the alleged constitutional violations. Accordingly, plaintiff has failed to state a claim against this defendant and the claims against him should be dismissed with leave to amend.

At this time, plaintiff may elect to proceed on the Eighth and First Amendment claims against defendant Burton; or, in the alternative, he may elect to amend his complaint to attempt to cure some or all of the deficiencies identified in this order with respect to the other claims and defendant. See Lopez v. Smith, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). If plaintiff chooses to proceed on the claims found cognizable in this screening order, the court will construe this as a request to voluntarily dismiss the remaining claims and defendants pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, in his amended complaint, plaintiff must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

/////

**IV.     Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

Some of the allegations in the complaint state claims for relief against the defendants, and some do not.  You may choose to file an amended complaint to try to fix these problems.  You must decide if you want to (1) proceed immediately on the Eighth and First Amendment claims against defendant Burton; or, (2) try to amend the complaint to fix the problems identified in this order with respect to the other claims and defendant.  Once you decide, you must complete the attached Notice of Election form by checking only one of the appropriate boxes and return it to the court.

Once the court receives the Notice of Election, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for the defendants to be served with a copy of the complaint).  If you do not return this Notice, the court will order service of the complaint only on the claims found cognizable in this screening order and will recommend dismissing the remaining claims with prejudice.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motions for leave to proceed in forma pauperis (ECF Nos. 9, 10, 13) are granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff has the option to proceed immediately on the Eighth and First Amendment claims against defendant Burton or plaintiff may choose to amend the complaint to fix the deficiencies identified in this order with respect to the remaining claims.

4. Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants time to file a first amended complaint.

5.  If plaintiff fails to return the attached Notice of Election within the time provided, the court will construe this failure as consent to dismiss the deficient claims with prejudice and proceed only on the cognizable claims identified above.

Dated:  June 11, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/surr0368.option.docx

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVON SURRELL, SR.,<br><br>    Plaintiff,<br><br>v.<br><br>CDCR SECRETARY OF OPERATIONS, et al.,<br><br>    Defendants. | No. 2:20-cv-00368-TLN-CKD<br><br>NOTICE OF ELECTION |

**Check only one option:**

\_\_\_\_\_ Plaintiff wants to proceed immediately on the Eighth and First Amendment claims against defendant Burton.  Plaintiff voluntarily dismisses the remaining claims; or,

\_\_\_\_\_ Plaintiff wants time to file a first amended complaint.

DATED:

_____
                                        Plaintiff

7