UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVON SURRELL, SR., | No. 2:20-cv-00368-TLN-CKD P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CDCR SECRETARY OF OPERATIONS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case is proceeding on a First Amendment retaliation claim and an Eighth Amendment conditions of confinement claim against the Warden at Deuel Vocational Institution. See ECF No. 16 (Screening Order). On August 27, 2020, plaintiff filed a motion for emergency injunctive relief. ECF No. 32. For the reasons outlined below, the undersigned recommends denying plaintiff's motion for emergency injunctive relief.

**I.    Motion for Emergency Injunctive Relief**

In his two-page motion, plaintiff requests a court order requiring the Warden at the California Correctional Center ("CCC") in Susanville, California to provide plaintiff with "weekly access to prisons [sic] phone system; access to unobstructed use of the mails (USPS), unrestricted; [and a] transfer to the Northern Nevada Correctional Center…." ECF No. 32 at 1. There are no factual allegations included in the motion that explain why such emergency

1

injunctive relief is necessary.

On or about October 12, 2020, plaintiff was transferred to Centinela State Prison where he remains confined.

## II.     Legal Standards

A temporary restraining order is an extraordinary and temporary "fix" that the court may issue without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." See Fed. R. Civ. P. 65(b)(1)(A). A preliminary injunction represents the exercise of a far-reaching power not to be indulged except in a case clearly warranting it. Dymo Indus. v. Tapeprinter, Inc., 326 F.2d 141, 143 (9th Cir. 1964). "A preliminary injunction... is not a preliminary adjudication on the merits but rather a device for preserving the status quo and preventing the irreparable loss of rights before judgment." Sierra On–Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984).

"The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (internal quotations omitted). The Ninth Circuit's sliding-scale test for a preliminary injunction has been incorporated into the Supreme Court's four-part Winter's standard. Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011) (explaining that the sliding scale approach allowed a stronger showing of one element to offset a weaker showing of another element). "In other words, 'serious questions going to the merits' and a hardship balance that tips sharply towards the plaintiff can support issuance of an injunction, assuming the other two elements of the Winter test are also met." Alliance, 632 F.3d at 1131-32 (citations omitted). Additionally, in cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

A motion for preliminary injunction must be supported by "[e]vidence that goes beyond the unverified allegations of the pleadings." Fidelity Nat. Title Ins. Co. v. Castle, No. C-11-00896-SI, 2011 WL 5882878, *3 (N.D. Cal. Nov. 23, 2011) (citing 9 Wright & Miller, Federal Practice & Procedure § 2949 (2011)). The plaintiff, as the moving party, bears the burden of establishing the merits of his or her claims. See Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).

### III. Analysis

Plaintiff's motion suffers from a number of defects. First and foremost, plaintiff's motion only focuses on the relief sought and does not address any of the four factors required to obtain preliminary injunctive relief. See Stormans, 586 F.3d 1109, 1127 (9th Cir. 2009). Next, plaintiff is seeking to enjoin the Warden at CCC who is not a party to this action. This court is unable to issue an order against individuals who are not parties to a suit pending before it. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). The defendant in this case is the Warden at Deuel Vocational Institution. See ECF No. 16. Additionally, plaintiff's request for relief is now moot since he is no longer confined at CCC. Due to his transfer to a different prison, plaintiff cannot demonstrate any irreparable harm that will befall him in the absence of injunctive relief. See Zenith Radio Corp., 395 U.S. at 130-31. Lastly, plaintiff's specific request to be transferred to the Northern Nevada Correctional Center is beyond the scope of the case or controversy before this court. See Benyamini v. Manjuano, 2011 WL 4963108, at *1 (E.D. Cal. Oct.18, 2011) ("This Court lacks jurisdiction to issue an order requiring prison officials to transfer [plaintiff] based on retaliatory acts occurring after this action was filed, because the Court does not have such a case or controversy before it in this action."). Moreover, in Meachum v. Fano, 427 U.S. 215 (1976), the United States Supreme Court explicitly held that prisoners do not have a constitutional right to be housed at a particular prison within a state's prison system. See also Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir. 1985) ("An inmate's liberty interests are sufficiently extinguished by his conviction so that the state may change his place of confinement even though the degree of confinement may be different and prison life may be more disagreeable in one institution than in another."). For all these reasons, the undersigned recommends denying

1 plaintiff's motion for a temporary restraining order.

2 Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for an emergency
3 injunction (ECF No. 32) be denied.

4 These findings and recommendations are submitted to the United States District Judge
5 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
6 after being served with these findings and recommendations, any party may file written
7 objections with the court and serve a copy on all parties.  Such a document should be captioned
8 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
9 objections shall be served and filed within fourteen days after service of the objections.  The
10 parties are advised that failure to file objections within the specified time may waive the right to
11 appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

12 Dated:  January 28, 2021

13 _____
CAROLYN K. DELANEY
14 UNITED STATES MAGISTRATE JUDGE

20 12/surr0368.tro.docx