UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVON SURRELL, SR.,<br><br>   Plaintiff,<br><br>   v.<br><br>ROBERT BURTON,<br><br>   Defendant. | No. 2:20-cv-00368-TLN-CKD<br><br>**ORDER** |

Plaintiff Alvon Surrell, Sr. ("Plaintiff"), a state prisoner proceeding *pro se*, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 28, 2021, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. (ECF No. 45.) Neither party has filed objections to the findings and recommendations.

The Court has reviewed the file under the applicable legal standards and finds the findings and recommendations to be supported by the record and by the magistrate judge's analysis.

A further review of the docket reveals that Plaintiff filed a second Motion for a Temporary Restraining Order on April 20, 2021. (ECF No. 58.) The allegations in this motion involve non-parties at a different prison and are therefore not relevant to the current proceeding. To the extent

1

Plaintiff attempts to connect these non-parties to the only Defendant in this action through multiple and overlapping conspiracies, Plaintiff's motion is unavailing because this case is not proceeding on any purported conspiracy claim. Furthermore, Plaintiff was specifically advised that a temporary restraining order is not an available remedy against non-parties, nor may it be used to obtain a specific housing assignment while incarcerated. (*See* ECF No. 45 at 3 (citing *Meachum v. Fano*, 427 U.S. 215 (1976); *Rizzo v. Dawson*, 778 F.2d 527, 530 (9th Cir. 1985)).) Rather than contest these legal conclusions by filing objections to the Findings and Recommendations, Plaintiff filed a repetitious and frivolous motion requesting, in part, that he be transferred to either a specific institutional housing unit or a residential program in San Francisco. (ECF No. 58 at 4, 7.)

The Court finds Plaintiff's filing of multiple consecutive motions is an abuse of the judicial process and, as a result, hereby STRIKES the second motion from the docket.[1] *See Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986) (emphasizing that district courts have the inherent power to control their dockets). Moreover, peppering the Court with motions that are unrelated to the pending matter in an effort to secure a prison transfer is an abusive litigation tactic.

In light of Plaintiff's conduct, the Court shall limit Plaintiff to filing one motion at a time. No additional motions shall be filed by Plaintiff until the Court has ruled on the pending motion. Plaintiff's failure to comply with this Order shall result in any improperly filed pleadings being stricken from the docket and sanctions being imposed upon Plaintiff. *See* Fed. R. Civ. P. 11 (allowing sanctions to be imposed for the filing of a pleading that is frivolous, legally unreasonable, lacking in a factual foundation, or brought for an improper purpose); *see also*

---

[1] Since the allegations in the motion do not relate to the Defendant in this case, Plaintiff may file the motion in a new civil suit after properly exhausting his administrative remedies. *See* 42 U.S.C. § 1997e(a) (stating that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). Furthermore, since the majority of the allegations in this motion concern events that occurred at Centinela State Prison located in Imperial County, California, venue for any such action is proper in the Southern District of California.

*Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994) (explaining the standard for applying Rule 11 sanctions to a *pro se* party).

    Accordingly, IT IS HEREBY ORDERED that:

    1. The Findings and Recommendations filed January 28, 2021 (ECF No. 45), are ADOPTED IN FULL;

    2. Plaintiff's Motion for an Emergency Injunction (ECF No. 32) is DENIED;

    3. Plaintiff's second Motion for a Temporary Restraining Order (ECF No. 58) is STRICKEN from the docket for the reasons indicated herein;

    4. In light of Plaintiff's filing of multiple duplicative motions, Plaintiff shall be limited to filing one motion at a time. No additional motions shall be filed by Plaintiff until the Court has ruled on the pending motion; and

    5. Failure to comply with this Order shall result in any improperly filed pleading being stricken from the docket and sanctions being imposed upon Plaintiff for his failure to comply with a Court Order.

    IT IS SO ORDERED.

DATED: May 17, 2021

Troy L. Nunley
United States District Judge