1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ALVON SURRELL, SR.,                      No.  2:20-cv-00368-TLN-CKD

12                  Plaintiff,

13          v.                                ORDER

14   CDCR SECRETARY OF OPERATIONS,
     et al.,
15
                     Defendants.
16

17          Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights

18   action filed pursuant to 42 U.S.C. § 1983.  Currently pending before the court are several motions

19   related to discovery.  The court will address each motion in turn as well as plaintiff's motion for

20   leave to file a first amended complained.

21      I.      Procedural History

22          In the present action, plaintiff is challenging the conditions of his confinement and his

23   transfer to a "50-50 yard" after filing a grievance about his living conditions at Deuel Vocational

24   Institution ("DVI").  See ECF No. 16 at 2-4.  On June 12, 2020, the court screened plaintiff's

25   complaint and gave him the option of proceeding on the Eighth Amendment challenges to his

26   living conditions and the First Amendment retaliation claim against defendant Burton, or of

27   amending his complaint to fix the deficiencies with the other claims and defendant.  ECF No. 16

28   at 3-4.  Plaintiff elected to proceed on the cognizable claims identified in the court's screening

                                                   1

order.  ECF No. 27.  Defendant filed an answer to the complaint on April 29, 2021.  ECF No. 59.

The court entered a discovery and scheduling order that set the discovery cut-off date as

September 3, 2021 and the pretrial motions deadline as November 30, 2021.  ECF No. 62.

**II.      Discovery Motions**

In plaintiff's first motion related to discovery, he requests an additional 30 days to respond

to defendant's interrogatories that were propounded on him.  ECF No. 72.  Plaintiff does not

indicate when the interrogatories were served on him or why he needs an additional 30 days to

respond.  However, in a subsequently filed motion to modify the discovery and scheduling order,

defendant indicates that he received plaintiff's responses to the requests for interrogatories on

August 2, 2021.  ECF No. 87 at 1.  Therefore, plaintiff's motion for an extension of time will be

denied as moot.

Plaintiff also filed a motion for an extension of time to respond to defendant's request for

production of documents.  ECF No. 80.  In this motion plaintiff indicates that he needs additional

time due to COVID-19 program modifications at the prison where he is located.  ECF No. 80.  If

granted the extension, plaintiff indicates that the new deadline to respond would be September 3,

2021.  ECF No. 80.

On September 13, 2021, defendant filed a motion to modify the discovery and scheduling

order governing this case.  ECF No. 87.  Defendant seeks to extend the discovery cut-off and

pretrial motions deadline by 60 days.  ECF No. 87.  This extension is necessary, according to

defendant, because he is waiting on all of plaintiff's discovery responses before scheduling his

deposition.  ECF No. 87 at 2.  Plaintiff filed a statement of non-opposition to defendant's motion

to modify the discovery and scheduling order.  ECF No. 90.

For good cause shown, the court will grant plaintiff's motion for an extension of time to

respond to defendant's request for production of documents as well as defendant's motion to

modify the discovery and scheduling order in this case.  As a result, the discovery cut-off date

will be extended to November 2, 2021 and any pretrial motions shall be filed on or before January

31, 2022.

Plaintiff has also filed a motion for leave of court to propound more than 25

interrogatories, admissions, and requests for production of documents on defendant.  ECF No. 75.

Once again, plaintiff does not offer any explanation why additional discovery requests are

necessary in this case.  ECF No. 75.  By way of opposition to this motion, defendant contends

that plaintiff has not made the necessary 'particularized showing' that additional discovery is

necessary.  ECF No. 79.

The court will deny plaintiff's motion to propound more than 25 interrogatories,

admissions, and requests for production of documents.  This case does not appear to be complex

and plaintiff does not provide any explanation why additional discovery requests are necessary.

See Fed. R. Civ. P. 33(a)(1) (stating that "a party may serve on any other party no more than 25

written interrogatories, including all discrete subparts.").  Accordingly, the motion is denied.

Plaintiff filed a motion requesting assistance from the court in serving interrogatories on

defendant.  ECF No. 88.  He also requests that a court hearing be scheduled in this case, but he

does not indicate the purpose for any hearing.  ECF No. 88 at 2.  Attached to this motion is

plaintiff's first set of interrogatories to defendant.  ECF No. 88-1.

The court's discovery and scheduling order of May 3, 2021, advised the parties that

"[d]iscovery requests shall not be filed with the court except when required by Local Rules 250.1,

250.2, 250.3 and 250.4."  ECF No. 62 at 5.  In the same order, plaintiff was cautioned that filing

discovery requests with the court may result in an order of sanctions.  ECF No. 62 at 5.  Despite

these admonitions, plaintiff filed a complete set of interrogatories with the court despite the lack

of any pending motion to compel.  In light of plaintiff's failure to comply with this court order,

his motion to serve interrogatories and to schedule a hearing will be denied.

### III.     Plaintiff's Motion for Leave to File an Amended Complaint

In his motion to amend, plaintiff seeks to add additional defendants to his complaint based

on alleged retaliatory acts taken against him since filing his complaint.  ECF No. 69.  Plaintiff

filed a proposed first amended complaint that is 141 pages including attachments.  ECF No. 70.

The proposed amended complaint names the wardens at three different prisons and contains a

total of 60 individual defendants, including John and Jane Does.  ECF No. 70.  With respect to

the claims that occurred while plaintiff was confined at DVI, the allegations in the proposed

3

1   amended complaint concern inadequate medical treatment; threats to plaintiff's safety due to

2   various officials' attempts to orchestrate an assault against him by other inmates; and the issuance

3   of false disciplinary reports.

4       Defendant filed an opposition to plaintiff's motion for leave to amend.  ECF No. 77.

5   According to defendant, leave to amend should be denied because the proposed amended

6   complaint fails to comply with Rule 8's requirement that a claim be limited to "a short and plain

7   statement."  ECF No. 77 at 3 (citing Fed. R. Civ. P. 8(a)).  The proposed amended complaint is a

8   long narrative that fails to connect individual defendant to specific constitutional violations.  ECF

9   No. 77 at 3-4.  Additionally, the amended complaint contains claims that are unrelated to the

10  claims against defendant Burton and joinder is improper under Rule 20(a)(2) of the Federal Rules

11  of Civil Procedure.  Id.  Defendant also contends that allowing amendment would be futile

12  because the proposed amended complaint fails to state a claim for relief.  Id. at 5.

13      **A.    Legal Standards**

14      Under Federal Rule of Civil Procedure 15(a), leave to amend a complaint after a

15  responsive pleading has been filed may be allowed by leave of court and "shall be freely  given

16  when justice so requires."  Foman v. Davis, 371 U.S. 178, 182 (1962).  "Liberality in granting a

17  plaintiff leave to amend is subject to the qualification that the amendment not cause undue

18  prejudice to the defendant, is not sought in bad faith, and is not futile.  Additionally, the district

19  court may consider the factor of undue delay."  Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir.

20  1999) (citations omitted).

21      **B.    Analysis**

22      In this case, the court has reviewed the proposed first amended complaint in determining

23  whether leave to amend should be granted.  The proposed amended complaint attempts to join

24  unrelated defendants and claims to this civil action including defendants at multiple prisons.  To

25  name different defendants in the same lawsuit, however, a plaintiff must satisfy Rule 20, which

26  governs joinder of parties.  Permissive joinder of multiple defendants in a single lawsuit is

27  allowed only if: (1) a right to relief is asserted against each defendant that relates to or arises out

28  of the same transaction or occurrence or series of transactions or occurrences; and (2) some

1  question of law or fact common to all parties arises in the action.  See Fed. R. Civ. P. 20(a)(2).

2  Unrelated claims involving different defendants belong in different suits.  See Owens v. Hinsley,

3  635 F.3d 950, 952 (7th Cir. 2011).  Here, the multiplicity of claims against the 60 named

4  defendants in the proposed amended complaint do not involve the same series of transactions or

5  occurrences and do not share a common question of law or fact.  See Fed. R. Civ. P. 20(a)(2).

6  Therefore, plaintiff has not satisfied the requirements of Rule 20(a) for permissive joinder of the

7  parties in this action.  As a result, leave to amend is futile because the new claims and defendants

8  are improperly joined.  See Ahlmeyer v. Nevada System of Higher Education, 555 F.3d 1051,

9  1055 (9th Cir. 2009) (finding futility alone to be a sufficient basis for denial of leave to amend).

10  While the court denies plaintiff's motion for leave to amend, it does so without prejudice to the

11  filing of any separate civil action.  If plaintiff chooses to initiate a separate civil action, he is

12  advised that venue does not lie in this division and district with respect to any claims occurring at

13  Centinela State Prison and the California Correctional Center.[1]

14          Accordingly, IT IS HEREBY ORDERED that:

15  1.   Plaintiff's motion for leave to file an amended complaint (ECF No. 69) is denied for the

16       reasons explained herein.

17  2.   Plaintiff's motion for an extension of time to respond to defendant's interrogatories (ECF

18       No. 72) is denied as moot.

19  3.   Plaintiff's motion for leave to serve more than 25 interrogatories (ECF No. 75) is denied.

20  4.   Plaintiff's motion for a 30 day extension of time to respond to defendant's request for

21       production of documents (ECF No. 80) is granted.

22  5.   Defendant's motion to modify the discovery and scheduling order (ECF No. 87) is granted

23       based on lack of opposition thereto as well as good cause shown.  The discovery cut-off

24       date is extended to November 2, 2021.  The pretrial motions deadline is extended to

25       January 31, 2022.  All other provisions of the court's May 3, 2021 Discovery and

26

27  _____

    [1] Venue is proper in the Fresno Division of the Eastern District of California with respect to
    claims that occurred at the California Correctional Center.  Claims that occurred at Centinela
28  State Prison are within the Southern District of California.

                                          5

1    Scheduling Order remain in effect.

2    6.   Plaintiff's motion for a hearing and for service of interrogatories (ECF No. 88) is denied.

3    Plaintiff is cautioned that the further filing of discovery requests or responses, except as

4    required by rule of court, may result in an order of sanctions, including, but not limited to,

5    a recommendation that this action be dismissed.

6    Dated:  October 1, 2021

7    _____
     CAROLYN K. DELANEY

8    UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14   12/surr0368.discomotions.docx

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6