UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVON SURRELL, SR., | No. 2:20-cv-00368-TLN-CKD P |
| Plaintiff, | |
| v. | ORDER |
| CDCR SECRETARY OF OPERATIONS, et al., | |
| Defendants. | |

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. In a single page motion to compel, plaintiff indicates that defendant Burton has failed to respond to his requests for production of documents. ECF No. 104. However, plaintiff does not indicate when the discovery request was served on defendant. ECF No. 104. As a result, the court cannot determine whether the discovery request was timely or what the deadline was for defendant's response. The court further notes that plaintiff's motion is itself untimely filed. This court extended the discovery cut-off date to January 3, 2022 which required all motions to compel be filed by that date. See ECF No. 96. Plaintiff's current motion to compel was not filed until March 7, 2022, even giving him the benefit of the prison mailbox rule. See Houston v. Lack, 487 U.S. 266 (1988). For all these reasons, the court will deny plaintiff's motion to compel.

    Also pending before the court is defendant's motion for an extension of the dispositive

1

motions deadline governing this case. ECF No. 106. The motion indicates that defendant Burton intends to file a motion for summary judgment on the exhaustion of administrative remedies before filing a motion on the merits of the claims. Because the issue of plaintiff's exhaustion of administrative remedies may be dispositive of all the claims in the pending action, defendant essentially seeks to bifurcate the dispositive motions deadline. In the interests of judicial economy and for good cause shown, the court will grant defendant's motion. The court will extend the dispositive motions deadline pertaining to the exhaustion of administrative remedies to May 30, 2022. The court will reset the deadlines governing this case as necessary following the adjudication of the motion for summary judgment based on exhaustion.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (ECF No. 104) is denied for the reasons described herein.
2. Defendant's motion for an extension of time of the dispositive motions deadline (ECF No. 106) is granted. Any motion for summary judgment based on the exhaustion of administrative remedies must be filed by May 30, 2022.
3. The court will reset the deadlines governing this case as necessary following the adjudication of the motion for summary judgment based on exhaustion.

Dated: April 6, 2022

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/surr0368.m2compel+modifyDSO.docx