UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVON SURRELL, SR., | No. 2:20-cv-00368-TLN-CKD P |
| Plaintiff, | |
| v. | FINDINGS & RECOMMENDATIONS |
| CDCR Secretary of Operations, et al., | |
| Defendants. | |

I.   Introduction

Plaintiff Alvon Surrell, Sr., a state prisoner appearing pro se and in forma pauperis, filed a civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) In his complaint, Surrell argues that the conditions of his confinement at Deuel Vocational Institute constituted cruel and unusual punishment under the Eighth Amendment and that defendant Robert Burton retaliated against him for filing a grievance about these inhumane conditions in violation of the First Amendment. (Id.) Pending before this Court are defendant's motion for summary judgment (ECF No. 111), plaintiff's motion for summary judgment (ECF No. 120), and plaintiff's motion for a temporary restraining order and a preliminary injunction. (ECF No. 121). For the reasons stated below, this Court recommends granting defendant's motion for summary judgment and denying plaintiff's motions for summary judgment and injunctive relief.

////

II.     Background

In February 2020, Surrell filed a civil rights complaint against Robert Burton, the Warden at Deuel Vocational Institute, stating the following allegations: (a) the prison had broken windows, broken light fixtures, contaminated water or lacked hot water, and extreme temperatures inside the cells; (b) Burton knew of these hazardous conditions and filed fraudulent claims for expense repairs, but instead embezzled those funds for personal gain; and (c) Burton retaliated against Surrell for filing grievances regarding these prison conditions. (ECF No. 1.) Specifically, Surrell claims that he filed a grievance about the prison conditions in September 2019, which triggered Burton and other officials to verbally order the "G wing" to remove do-it-yourself weather barriers to insulate the broken windows. (Id. at 5-6.) If the prisoners housed in the "G wing" did not listen, prison officials threatened them with serious infractions, which would disqualify them from early release programs and initiatives. (Id. at 6.)

In the Court's screening order, the Court found that Surrell stated potentially cognizable claims under the Eighth and First Amendments against Burton. (ECF No. 16.) Burton filed a motion for summary judgment for failure to exhaust administrative remedies. (ECF No. 111.) Surrell filed an opposition to the motion, and defendant filed a reply. (ECF Nos. 117 & 119.) Surrell filed a cross-motion for summary judgment and a motion for a temporary restraining order and preliminary injunction. (ECF Nos. 120 & 121.) In evaluating these motions, this Court also reviewed plaintiff's sur-replies and declarations. (ECF Nos. 122-130.)

III.    Legal Standards for Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under summary judgment practice, the moving party

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to

support the non-moving party's case." In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp., 477 U.S. at 325); see also Fed. R. Civ. P. 56 advisory committee's note to 2010 amendment (recognizing that "a party who does not have the trial burden of production may rely on a showing that a party who does have the trial burden cannot produce admissible evidence to carry its burden as to the fact"). Indeed, summary judgment should be entered, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

Consequently, if the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually exists. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-86 (1986). In attempting to establish the existence of a factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings and is required to tender evidence of specific facts in the form of affidavits or admissible discovery to support its contention that a dispute exists. See Fed. R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computs., Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "'the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" T.W. Elec. Serv., 809 F.2d at 630 (quoting First Nat'l Bank of Arizona v. Cities Serv. Co., 391 U.S. 253, 289 (1968)). "The very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for

trial." Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments; see also Matsushita, 475 U.S. at 587.

In resolving a summary judgment motion, the court examines facts cited by the parties from the record including "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. The court must draw all reasonable inferences from the underlying facts in favor of the nonmoving party. See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Id. (citation omitted).

On May 31, 2022, defendants provided plaintiff with contemporaneous notice of the requirements for opposing a motion brought pursuant to Rule 56 of the Federal Rules of Civil Procedure. (ECF No. 111-1.) See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc).

IV.     Undisputed Statement of Facts

During the relevant time period, Surrell was an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) and housed at Deuel Vocational Institute. (ECF No. 1.) Robert Burton was the Warden of Deuel Vocational Institute at that time. (Id.) Surrell filed this action on February 18, 2020, alleging that the conditions of confinement at Deuel Vocational Institute constituted cruel and unusual punishment and that Burton retaliated against him for filing grievances about these conditions in violation of his First Amendment right. (Id.)

In 2019 and 2020, the relevant time period for exhaustion purposes, California regulations required inmates to pursue administrative grievances through three levels of review to exhaust

their administrative remedies. (ECF No. 111-4 at ¶ 6.); Cal. Code Regs. tit. 15, §§ 3084.1(b), 3084.7(d)(3) (2019) (repealed June 1, 2020). During the relevant time period, the CDCR Office of the Appeals received, reviewed, and maintained all non-health care related appeals. (ECF No. 111-4 at ¶ 2.) A computer system tracked all appeals received by the Office of the Appeals, including the prisoner's name and CDCR number, appeal log number, issue, date appeal was received, underlying grievance log number, date appeal was closed, and the final disposition. (Id. at ¶ 3.) The Office of the Appeals' decisions represent the third and final level of the grievance process and are issued on behalf of the Secretary of the Department. (Id. at ¶ 5.)

Beginning on September 17, 2019, Surrell filed at least seven grievances challenging the conditions of confinement relevant to the operative complaint. (ECF No. 117 at 2-3; ECF No. 120 at 4-7.) Surrell testified that none of his grievances made it to third level review. (ECF No. 112 at 74-75; see also ECF No. 117 at 2.) Between July 1, 2019 and February 18, 2020, the Office of Appeals records also indicate that it did not receive any non-health related appeals from Surrell. (ECF No. 111-4 at ¶¶ 7-8.)

V.   Discussion

Defendant argues that he is entitled to summary judgment because plaintiff failed to exhaust administrative remedies as required by the Prison Litigation Reform Act. In opposition, plaintiff contends that he has exhausted his administrative remedies. Separately, he cross moves for summary judgment stating that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. He also filed a motion for a temporary restraining order and preliminary injunction.

As discussed below, the Court finds that plaintiff has failed to exhaust his administrative remedies under the Prison Litigation Reform Act prior to filing suit. Plaintiff's federal claims must therefore be dismissed without prejudice. As a result, this Court recommends denying plaintiff's cross motion for summary judgment and motion for injunctive relief.

A.   Failure to Exhaust Administrative Remedies

The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner

confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  The exhaustion requirement applies "regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001).  It also applies "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).  "[T]hat mandatory requirement means that a court may not excuse a failure to exhaust, even to take such circumstances into account." Ross v. Blake, 578 U.S. 632, 639 (2016); Jones v. Bock, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court.")

This requires proper exhaustion; a prisoner must comply with the prison's grievance process deadlines and complete one full round of review before proceeding to federal court. Woodford v. Ngo, 548 U.S. 81, 93-94 (2006).  Because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal. Id. at 90-93.

Failure to exhaust is an affirmative defense. Jones, 549 U.S. at 216.  Defendant has the burden of proving that there was an available administrative remedy and that the prisoner failed to exhaust that remedy. Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc).  If defendant meets that burden, the prisoner has the burden of production; "[t]hat is, the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. at 1172.  A prisoner "must exhaust available remedies, but need not exhaust unavailable ones." Ross, 578 U.S. at 642.  The Supreme Court has noted three circumstances where, although an administrative remedy exists, it is not capable of providing relief: (1) when officers are unable or consistently unwilling to provide any relief; (2) the administrative scheme is so confusing that no reasonable prisoner can use it; and (3) when prison officials prevent inmates from using the grievance process through machination, misrepresentation, or intimidation. Id. at 643-44.

Here, defendant presents evidence that CDCR had an available administrative remedy for Surrell to address his grievances. Surrell is an inmate in the custody of CDCR and filed this action on February 18, 2020, alleging inhumane conditions of confinement at Deuel Vocational Institute and retaliation. (ECF No. 1.) Howard E. Moseley, Associate Director of the Office of Appeals at CDCR, provided a sworn declaration stating that CDCR provides an administrative grievance process for prisoner complaints in accordance with title 15 of the California Code of Regulations.[1] (ECF No. 111-4 at ¶ 6.) Surrell filed at least seven grievances related to conditions of his confinement between September 17, 2019 and September 28, 2020. (ECF No. 112 at 73-74.)

Defendant presents further evidence that plaintiff failed to exhaust this administrative process before filing suit. The CDCR grievance process has three levels of review, starting with the CDCR form 602 grievances. Cal. Code Regs. tit. 15, § 3084.7 (2019). The third and final level of the administrative grievance process is a substantive decision from the Office of the Appeals. (ECF No. 111-4 at ¶¶ 4-5.) The Office of Appeals maintains a computer system that tracks the appeal history for each prisoner, including the underlying grievance log number, date the appeal closed, and the final disposition of the appeal. (Id. at ¶ 3.) Between July 1, 2019 and February 18, 2020 (the date Surrell filed this action), the Office of the Appeals did not log any non-health related appeals from Surrell. (ECF No. 111-4 at ¶¶ 7-8.) Surrell also testified that none of his grievances made it to third level review. (ECF No. 112 at 74-75; see also ECF No. 117 at 2 (admitting that his September 2019 grievance was rejected on second level appeal because the form was not dated).)

Because defendant has shown that there was an available administrative remedy that plaintiff failed to exhaust, plaintiff must now prove that the administrative remedies were unavailable to him. To this effect, Surrell argues that there were no available remedies because he feared retaliation in response to his grievances. (ECF No. 116 at 5-6; ECF No. 112 at 75-76; ECF No. 117 at 2-3; ECF No. 122.) The Ninth Circuit has held that the fear of retaliation may be

---

[1] To the extent that Surrell denies that CDCR provides an administrative grievance process for inmate's complaint, ECF No. 117-1, he fails to provide any evidence to support his position.

7

sufficient to make the prisoner grievance process unavailable. McBride v. Lopez, 807 F.3d 982, 984 (9th Cir. 2015). To meet this standard, the prisoner must provide evidence that (1) "he actually believed prison officials would retaliate against him if he filed a grievance"; and (2) "a reasonable prisoner of ordinary firmness would have believed that the prison official's action communicated a threat not to use the prison's grievance procedure and that the threatened retaliation was of sufficient severity to deter a reasonable prisoner from filing a grievance." Id. at 987-88.

Even construing the facts in the light most favorable to Surrell, this Court concludes that Surrell has not satisfied either prong of this standard. Besides conclusory statements that he feared retaliation, Surrell has offered no admissible evidence to support his claim that he feared retaliation. To the contrary, Surrell was not deterred from filing grievances and filed at least seven prison grievances during the relevant time frame. (ECF No. 112 at 73-74.) Furthermore, the threats allegedly made by prison officials to take down weather barriers or receive a serious disciplinary report were made to the entire "G-wing," not just plaintiff, and did not refer to plaintiff's grievances. A reasonable prisoner would not have believed that these threats were made in retaliation for using the grievance process.

This Court concludes defendant has shown that he is entitled to summary judgment on the ground that plaintiff failed to exhaust his administrative remedies. This Court recommends dismissing plaintiff's complaint without prejudice. As a result, this Court also recommends denying plaintiff's cross motion for summary judgment (ECF No. 120).

    B. Motion for Temporary Restraining Order and Preliminary Injunction

Surrell also filed a motion for a temporary restraining order and injunctive relief. (ECF No. 121.) He alleges that he was physically assaulted by "CMC informant Maleek Gordon" in collaboration with CMC correctional officer Kingsley on April 7, 2022 in retaliation for filing grievances. (Id.) Surrell requests that officers refrain from retaliating against him, provide necessary medical treatment, transfer him to San Quentin State Prison Level II, provide him with $10,000,000, and immediately release him from restraint. (Id.)

Pursuant to Federal Rule of Civil Procedure 65, a court has the discretion to issue a

preliminary injunction or a temporary restraining order. While a court may issue a preliminary injunction only on notice to the adverse party, it may issue a temporary restraining order without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(a)(1) & (b)(1)(A). The standard for issuing a temporary restraining order and a preliminary injunction is substantially identical. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001). To succeed on a motion for a preliminary injunction, the moving party must show that (1) "he is likely to succeed on the merits," (2) "he is likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in his favor," and (4) "an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Here, plaintiff has not satisfied his burden of proof. Surrell has not shown that he is likely to succeed on the merits. To the contrary, this Court recommends granting summary judgment in defendant's favor. Furthermore, the facts in his request pertain to an April 2022 physical altercation that is unrelated to the operative complaint. This Court, therefore, recommends denying plaintiff's motion.

VI. Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion for summary judgment (ECF No. 111) be GRANTED;
2. Plaintiff's motion for summary judgment (ECF No. 120) be DENIED;
3. Plaintiff's motion for a temporary restraining order (ECF No. 121) be DENIED;
4. The action be DISMISSED without prejudice; and
5. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 9, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

20/surr0368/msj.ckd